1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10
11   ERENDIRA RANGEL-PALACIOS,              Case No.: 16-CV-0872-AJB-BLM

12                           Plaintiff,     **ORDER:**

13   v.
                                            **(1) GRANTING MOTION TO**
14   SWEETWATER UNION HIGH                  **DISMISS, (Doc. No. 12); AND**
     SCHOOL DISTRICT, a Public Entity,
15                                          **(2) DENYING WITHOUT**
                             Defendant,     **PREJUDICE MOTION TO APPOINT**
16                                          **COUNSEL, (Doc. No. 18)**
17
18
19
20          Presently before the Court are Defendant Sweetwater Union High School District's

21   ("Defendant") motion to dismiss the amended complaint and Plaintiff Erendira Rangel-

22   Palacios's ("Plaintiff") motion to appoint counsel. (Doc. Nos. 12, 18.) Having reviewed

23   the parties' arguments and controlling legal authority, and pursuant to Local Civil Rule

24   7.1.d.1, the Court finds the matter suitable for decision on the papers and without oral

25   argument. Accordingly, the hearing currently scheduled for ***January 19, 2017, at 2:00 p.m.***

26   ***in Courtroom 3B*** is hereby **VACATED**. For the reasons set forth below, the Court

27   **GRANTS** Defendant's motion to dismiss, **DENIES** Plaintiff's motion to appoint counsel

28   **WITHOUT PREJUDICE**, and **DISMISSES** the amended complaint **WITHOUT**

**PREJUDICE**.

<u>B<small>ACKGROUND</small></u>

On October 17, 2016, Plaintiff filed an amended complaint alleging claims of retaliation, discrimination on the basis of disability and age, and sexual harassment. (Doc. No. 8.) The following facts are taken from the amended complaint and construed as true for the limited purpose of resolving the instant motions. *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013). Because Plaintiff is proceeding *pro se*, the Court construes her pleadings liberally, *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001), though she is still required to plead enough facts to provide notice of what she thinks Defendants did wrong, *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, construing the complaint liberally does not entail adding "essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

This dispute centers on Defendant's alleged discrimination and retaliation against Plaintiff, who was formerly a science teacher at Bonita Vista High School ("BVHS"). Plaintiff alleges at some unspecified time, it was established through a worker's compensation proceeding that she suffers from a disability. (Doc. No. 8 at 11.) Defendant was directed to provide Plaintiff with accommodations, but instead of doing so, Defendant planted students in Plaintiff's classrooms to create a hostile work environment. (*Id.*) These students allegedly drew swastikas and wrote death threats against Plaintiff on lab benches, books, and students' desks. (*Id.*) Plaintiff further alleges the staff at BVHS prevented the police from entering her classroom to take a report concerning certain events and falsified student accusations against Plaintiff. (*Id.*)

Plaintiff filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), the first on April 4, 2013 ("2013 charge"), and the second on December 22, 2015 ("2015 charge"). (*Id.* at 5–9.) In the 2013 charge, Plaintiff alleges that in April or May 2012, the assistant principal at BVHS, Mr. Fernando, made comments of a sexual nature to her while pointing at drawings of male genitalia on

students' desks. (*Id.* at 5.) Plaintiff asserts she complained of sexual harassment.[1] (*Id.*) Between May and June 2012, Fernando would go into Plaintiff's classroom to perform daily evaluations of her. (*Id.*) Plaintiff further alleges receiving at least twenty improper letters of reprimand between October 2012 and March 2013. (*Id.* at 5.) Plaintiff states Sandra Huezo, Superintendent of Human Resources, asked Plaintiff whether she has thought of retirement and sent her to the retirement office. (*Id.*) Plaintiff asserts younger, less experienced teachers received better treatment than her, including being provided with nicer classrooms and equipment. (*Id.*) She also alleges she was not permitted to transfer to another high school or to participate in San Diego State University's Science Fellowship for Teachers. (*Id.*) Based on this treatment, Plaintiff alleges she was subjected to age discrimination, disability discrimination, and retaliation for filing her sexual harassment complaint. (*Id.* at 6.)

In the 2015 charge, Plaintiff alleges she was terminated from employment on November 24, 2014. (*Id.* at 7.) Following her termination, in June 2015, Plaintiff learned that Defendant mischaracterized her termination as a resignation in its internal records. (*Id.*) On September 3, 2015, Plaintiff became aware that Defendant presented information to the California Commission on Teacher Credentialing, which caused review of Plaintiff's fitness to hold a teaching credential and thus prevented her from obtaining employment with another district. (*Id.*) Plaintiff further asserts Defendant delayed providing her with requested payroll-related paperwork from November 2014 until October 23, 2015. (*Id.*) Plaintiff believes this treatment was retaliation for her filing the sexual harassment complaint. (*Id.* at 8.)

On January 13, 2016, Plaintiff received a notice of right to sue from the EEOC, requiring Plaintiff to file a complaint in state or federal court within 90 days of her receipt

---

[1] In the 2013 charge, Plaintiff states this complaint was filed in April or May 2012. (Doc. No. 8 at 5.) In the 2015 charge, Plaintiff states she complained of sexual harassment in January 2013. (*Id.* at 7.)

of the notice. (*Id.* at 4.) She filed the instant case on April 11, 2016, along with a motion to proceed *in forma pauperis* ("IFP motion"). (Doc. Nos. 1, 2.) On June 9, 2016, the Court *sua sponte* dismissed that complaint and denied her IFP motion as moot, concluding that Plaintiff had failed to allege exhaustion of administrative remedies. (Doc. No. 3.) Specifically, the Court found it lacked jurisdiction over Plaintiff's complaint because she failed to indicate whether the EEOC provided her a right to sue letter or an equivalent final order. (*Id.* at 3.)

On October 17, 2016, Plaintiff filed the amended, and operative, complaint. (Doc. No. 8.) Defendant filed the instant motion to dismiss on November 7, 2016. (Doc. No. 12.) Plaintiff opposes the motion, as well as seeks appointment of counsel. (Doc. Nos. 18, 20.) Defendant replied. (Doc. No. 22.) This order follows.

## LEGAL STANDARD

### I. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). In civil cases, federal courts have subject matter jurisdiction over only those cases where either diversity jurisdiction or federal question jurisdiction exist. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068–69 (9th Cir. 2005). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. Federal question jurisdiction exists in cases that arise under federal law. *Id.* § 1331.

Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Where the party asserts a facial challenge, the court limits its inquiry to the allegations set forth in the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the party asserts a factual challenge, the court may consider extrinsic evidence

demonstrating or refuting the existence of jurisdiction without converting the motion to dismiss into a motion for summary judgment. *Id.* The party asserting subject matter jurisdiction has the burden of persuasion for establishing it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

## II.   *Motion to Dismiss for Failure to State a Claim*

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiffs must also plead, however, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true "merely because they are cast in the form of factual allegations." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## III.   *Motion to Appoint Counsel*

The Constitution provides no right to appointment of counsel in a civil case unless

an indigent litigant may lose her physical liberty if she loses the litigation. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. However, this discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## DISCUSSION

### I.    *Defendant's Motion to Dismiss*

Defendant seeks dismissal of the amended complaint on several grounds: (1) Plaintiff filed the amended complaint more than 120 days following the Court's dismissal of the original complaint, notwithstanding the Court's admonition that an amendment must be filed within sixty days; (2) Plaintiff has failed to allege exhaustion of the 2013 charge; (3) Plaintiff's 2015 charge is time-barred because the underlying incidents occurred more than 300 days prior to the charge's filing; and (4) the amended complaint contains numerous format and structure deficiencies. (Doc. No. 12-1.) The Court will address only the second and third arguments.[2]

### A.    Failure to Exhaust Administrative Remedies

Defendant first argues that notwithstanding the Court's admonition, Plaintiff has failed to exhaust administrative remedies with respect to her 2013 charge. (Doc. No. 12-1 at 6.) Having reviewed the amended complaint and attachments, the Court agrees.

---

[2] The Court acknowledges that Plaintiff's amended complaint was filed well beyond the deadline the Court set for an amendment to be filed and that it is not properly formatted. However, given Plaintiff's *pro se* status and the fact that this is only Plaintiff's second attempt at stating her claims, the Court declines to dismiss the amended complaint with prejudice on these grounds.

1    To litigate a Title VII claim in federal court, a plaintiff must have exhausted his or
2  her administrative remedies, "including regulatory and judicially imposed exhaustion
3  requirements." *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995) (citing *Brown v. Gen.*
4  *Servs. Admin.*, 425 U.S. 820, 832 (1976)) (footnotes omitted). The exhaustion requirement
5  imposes a duty on an aggrieved employee to file a formal complaint for adjudication with
6  the EEOC. *Vinieratos v. U.S. Dep't of Air Force Through Aldridge*, 939 F.2d 762, 768–69
7  (9th Cir. 1991). Only after the EEOC administers a final action on the complaint may the
8  complainant file suit directly in federal court. *Id.* Under this rubric, a plaintiff *must* receive
9  a "right to sue" letter or other notice of final action from the EEOC *before* filing suit in
10 federal court. *See Greenlaw*, 59 F.3d at 999.

11   In the amended complaint, Plaintiff alleges she filed the 2013 and 2015 charges.
12 (Doc. No. 8 at 2 ¶ 4.) She states she "has received a Notice [of] Right to Sue from [the]
13 EEOC," which she attached to the complaint. (*Id.*) However, the only notice attached
14 concerns the 2015 charge, *not* the 2013 charge. (*Id.* at 4.) Accordingly, Plaintiff has once
15 again failed to allege exhaustion of her administrative remedies with regard to any claims
16 arising from the 2013 charge. As to those claims, the Court lacks jurisdiction. *See Freeman*
17 *v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 633, 638–39 (9th Cir. 2002) (affirming district
18 court's grant of summary judgment for lack of subject matter jurisdiction because plaintiff
19 failed to exhaust administrative remedies with the EEOC). The Court therefore **GRANTS**
20 **IN PART** Defendant's motion to dismiss. Because it is possible Plaintiff can cure this
21 defect, the Court **DISMISSES** that portion of the complaint **WITHOUT PREJUDICE**.[3]

---

[3] Plaintiff may be able to bring the 2013 charge allegations within the ambit of the right to sue letter she received from the EEOC with regard to the 2015 charge if she can allege a continuing violation. This theory provides that "a systematic policy of discrimination is actionable even if some or all of the events evidencing its inception occurred prior to the limitations period." *Sosa v. Hiraoka*, 920 F.2d 1451, 1455 (9th Cir. 1990). A continuing violation may be established by either demonstrating a "policy or practice" of discrimination or by "'demonstrating a series of related acts against a single individual.'" *Id.* (quoting *Green v. Los Angeles Cnty.*, 883 F.2d 1472, 1480 (9th Cir. 1989)). While courts

**B.     Statute of Limitations**

Defendant next argues dismissal of claims predicated on the 2015 charge is appropriate because they are time-barred. (Doc. No. 12-1 at 7.) Again, the Court agrees with Defendant.

An individual seeking relief under Title VII must file a charge with the EEOC "within [180] days after the alleged unlawful employment practice occurred" or within 300 days if the individual first "instituted proceedings with a State or local agency with authority to grant or seek relief from such [alleged unlawful] practice . . . ." 42 U.S.C. § 2000e-5(e)(1). This requirement effectively serves as a statute of limitations for the filing of Title VII claims. *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1107 (9th Cir. 1998) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94 (1982)).

In her 2015 charge, Plaintiff asserts her employment was terminated on November 24, 2014. (Doc. No. 8 at 7.) She contends her termination was the result of retaliation for filing an internal complaint of sexual harassment and age discrimination. (*Id.* at 8.) However, she did not file the 2015 charge with the EEOC until December 22, 2015, nearly ***400 days*** after her termination. (*Id.* at 7–8.) Assuming without deciding that the 300-day deadline applies,[4] Plaintiff's 2015 charge is untimely, and her claims predicated on that charge are thus time-barred. *See Scott v. Gino Morena Enters., L.L.C.*, No. 15-CV-550 JLS (WVG), 2016 WL 3924107, at *5 (S.D. Cal. July 21, 2016) ("Because Plaintiff failed to

---

in the Ninth Circuit have "permitt[ed] suit on a continuing violation theory evidenced but not specifically alleged in an EEOC charge," the EEOC charge must at least sufficiently apprise the EEOC, "'in general terms, of the alleged discriminatory parties and the alleged discriminatory acts,'" *Id.* at 1458 (quoting *Chung v. Pomona Valley Comm. Hosp.*, 667 F.2d 788, 790 (9th Cir. 1982)). Because Plaintiff does not allege facts in her amended complaint to invoke the continuing violation theory, the Court does not decide this issue here.

[4] Plaintiff asserts she "filed an internal complaint of sexual harassment." (Doc. No. 8 at 7.) The Court assumes Plaintiff is referring to a complaint filed with Defendant; however, it is not clear from her pleadings whether Defendant is a "State or local agency" within the meaning of 42 U.S.C. § 2000e-5(e)(1).

file her complaint with the [Department of Fair Employment and Housing] within 300 days, the Court concludes that any claims based on the November 17, 2014 DFEH complaint are also time-barred."). The Court therefore **GRANTS IN PART** Defendant's motion to dismiss.

While it is evident that Plaintiff's complaint, as predicated on the 2015 charge, is time-barred, the Court finds dismissal with prejudice is premature. The statute of limitations set forth in Title VII may be equitably tolled if the plaintiff can establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Because it is not impossible that Plaintiff can allege facts to invoke the equitable tolling doctrine, the Court finds dismissal with prejudice at this juncture to be premature. Accordingly, the Court **DISMISSES** the complaint, as predicated on the 2015 charge, **WITHOUT PREJUDICE**.

## II.     *Plaintiff's Motion to Appoint Counsel*

Plaintiff asserts appointment is proper in this case because her claim is meritorious, and she has made a reasonably diligent effort to obtain representation but has been unable to find representation on terms she can afford. (Doc. No. 18 at 1.) Having reviewed Plaintiff's motion and amended complaint, the Court concludes no exceptional circumstances exist to justify appointment of counsel in this case. While Plaintiff alleges she has a "disability in [her] writing and speech," (Doc. No. 18 at 26), she is capable of articulating her claims well enough for the Court to understand the causes of action she seeks to bring, as demonstrated by the Court's recital of this case's factual background. However, Plaintiff likely has an uphill battle to success. Not only must she allege exhaustion of her 2013 charge—something she failed to do in her amended complaint notwithstanding the Court's admonition that such allegations are necessary—but she must also allege facts that are sufficient to invoke equitable tolling as to her 2015 charge. Because success on the merits of her claims is unlikely, and because she is able to articulate her position sufficiently, the Court **DENIES** her motion to appoint counsel **WITHOUT**

**PREJUDICE**. (Doc. No. 18.)

<u>CONCLUSION</u>

Based on the foregoing, the Court **GRANTS** Defendant's motion to dismiss, (Doc. No. 12), and **DENIES** Plaintiff's motion to appoint counsel **WITHOUT PREJUDICE**, (Doc. No. 18). The Court **DISMISSES** Plaintiff's amended complaint **WITHOUT PREJUDICE**. Plaintiff must file a second amended complaint curing the deficiencies noted herein ***within 60 calendar days of this order's issuance***. Failure to do so may result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated:  December 29, 2016

Hon. Anthony J. Battaglia
United States District Judge

16-CV-0872-AJB-BLM