UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERENDIRA RANGEL-PALACIOS,<br><br>Plaintiff,<br><br>v.<br><br>SWEETWATER UNION HIGH SCHOOL DISTRICT, a Public Entity,<br><br>Defendant, | Case No.: 16-CV-0872-AJB-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS, (Doc. No. 32);**<br><br>**(2) DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE, (Doc. No. 33); AND**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, (Doc. No. 38)** |

Presently before the Court are Defendant Sweetwater Union High School District's ("Defendant") motions to dismiss the amended complaint and to strike punitive damages, and Plaintiff Erendira Rangel-Palacios's ("Plaintiff") motion for leave to amend. (Doc. Nos. 32, 33, 38.) For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss, **DENIES** Defendant's motion to strike **AS MOOT**, **DENIES** Plaintiff's motion for leave to amend, and **DISMISSES** this action **WITH PREJUDICE**.

## BACKGROUND

On April 4, 2017, Plaintiff filed a second amended complaint alleging claims of retaliation, discrimination on the basis of disability and age, and sexual harassment. (Doc. No. 31.) The following facts are taken from that complaint and construed as true for the limited purpose of resolving the instant motions. *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013). Because Plaintiff is proceeding *pro se*, the Court construes her pleadings liberally, *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001), though she is still required to plead enough facts to provide notice of what she thinks Defendant did wrong, *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, construing the complaint liberally does not entail adding "essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

This dispute centers on Defendant's alleged discrimination and retaliation against Plaintiff, who was formerly a science teacher with Defendant. On February 24, 2011, Plaintiff asserts she received an award from the worker's compensation court after a student threatened to kill her and cause harm to the students in her classroom. (Doc. No. 31 at 4.)[1] The WCC directed Defendant to provide Plaintiff with special accommodations to perform her job, but Defendant refused. (*Id.*) Instead, Defendant placed a student in her class who threatened and intimidated her and her students by brandishing a knife. (*Id.*) Plaintiff obtained a restraining order against this student on August 24, 2011. (*Id.*)

Plaintiff alleges Defendant transferred her to Bonita Vista High School, where retaliatory conduct continued. (*Id.*) On April 4, 2013, Plaintiff filed retaliation charges with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*) Thereafter, on April 10, 2013, Plaintiff was served with a notice of intent to suspend. (*Id.*) She was placed on a paid leave of absence from September 11, 2013, through November 24, 2014, at which time she

---

[1] The Court cites the blue CM/ECF-generated document and page numbers located at the top of each page.

was fired. (*Id.*) She filed a second charge with the EEOC on December 22, 2015. (*Id.* at 8.)

Plaintiff obtained a right to sue letter from the EEOC in January 2016. (*Id.* at 4.) Plaintiff asserts she was in bankruptcy proceedings from February 6, 2015, until February 10, 2016. (*Id.* at 8.) Plaintiff further asserts she was "in the court of appeal and in superior court defending [herself] and trying to demonstrate that [her] job dismissal was unconstitutional in the office of administrative hearings." (*Id.* at 4.)

She filed the instant case on April 11, 2016, along with a motion to proceed *in forma pauperis* ("IFP motion"). (Doc. Nos. 1, 2.) On June 9, 2016, the Court *sua sponte* dismissed that complaint and denied her IFP motion as moot, concluding that Plaintiff had failed to allege exhaustion of administrative remedies. (Doc. No. 3.) Specifically, the Court found Plaintiff's complaint failed because she failed to indicate whether the EEOC provided her a right to sue letter or an equivalent final order. (*Id.* at 3.)

On October 17, 2016, Plaintiff filed an amended complaint, (Doc. No. 8), which Defendant successfully moved to dismiss, (Doc. Nos. 12, 24). In dismissing the amended complaint, the Court found Plaintiff had again failed to allege exhaustion of her administrative remedies as to any claims based on the 2013 charge because the right to sue letter she attached to the complaint concerned only the 2015 charge. (Doc. No. 24 at 7.) The Court also found Plaintiff's claims time barred to the extent they are predicated on the 2015 charge because that charge was filed more than 300 days after her termination. (*Id.* at 8–9.) The Court declined to dismiss the complaint with prejudice though, noting that Plaintiff could possibly allege facts invoking the continuing violation doctrine and equitable tolling, which would render Plaintiff's claims timely. (*Id.* at 7–9 & n.3.)

On April 4, 2017, Plaintiff filed the second, and operative, amended complaint ("SAC"). (Doc. No. 31.) Defendant filed the instant motion to dismiss and motion to strike on April 13, 2017. (Doc. Nos. 32, 33.) Plaintiff opposed the motion, as well as filed a motion for leave to amend, on May 11, 2017. (Doc. Nos. 37, 38.) Defendant opposed Plaintiff's motion. (Doc. No. 40.) A hearing on these matters was held on July 27, 2017. (Doc. No. 43.) This order follows.

**LEGAL STANDARD**

*I.     Motion to Dismiss for Failure to State a Claim*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiffs must also plead, however, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true "merely because they are cast in the form of factual allegations." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

*II.    Motion for Leave to Amend*

Rule 15(a)[2] governs leave to amend prior to trial. A party may amend its pleading

---

[2] All references to "Rules" are to the Federal Rules of Civil Procedure.

once as a matter of course within 21 days after serving it; or, if the pleading is one requiring a response, within 21 days after service of the responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis in original).

The grant or denial of leave to amend is in the Court's discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy in favor of granting leave to amend is applied with extreme liberality. *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

## DISCUSSION

### I. *Defendant's Motion to Dismiss*

Defendant seeks dismissal of the SAC based on Plaintiff's failures to cure the deficiencies the Court has noted on two prior occasions. (Doc. No. 32-1 at 7.) Defendant asserts that Plaintiff's inability to state that she timely exhausted her administrative remedies requires that the Court dismiss the complaint again, but this time with prejudice.

(*Id.* at 10.) The Court agrees.[3]

In its first order dismissing the complaint, the Court found Plaintiff failed to allege exhaustion of administrative remedies. (Doc. No. 3 at 3.) In its second order, the Court found Plaintiff again failed to allege exhaustion as to the 2013 charge. (Doc. No. 24 at 7.) While she cured this deficiency with respect to the 2015 charge, the Court found Plaintiff's claims based on that charge time barred for failing to bring the charge with the EEOC within 300 days of being fired. (*Id.* at 8–9.) The Court nonetheless granted Plaintiff leave to amend her complaint, noting that Plaintiff could potentially allege a continuing violation theory as to the 2013 charge and equitable tolling as to the 2015 charge, which would render her charges timely. (*Id.* at 7–9 & n.3.)

Notwithstanding the Court's instruction, Plaintiff has failed to cure the deficiencies with her claims that the Court noted in its order dismissing the amended complaint. Given Plaintiff's pro se status, the Court determined the appropriate course of action was to conduct a hearing on the matter to flesh out the circumstances surrounding Plaintiff's failure to exhaust administrative remedies and otherwise timely file. When questioned about the 2013 charge at the hearing, Plaintiff produced a right to sue letter issued on that charge. As such, the Court is persuaded that Plaintiff has exhausted her administrative remedies on both charges.

Nonetheless, Plaintiff has failed to provide any basis for invoking equitable tolling to render her charges timely. Even assuming that the continuing violation doctrine applies to make the most recent right to sue letter controlling for all of Plaintiff's claims, it is beyond dispute that Plaintiff filed the 2015 charge outside the statute of limitations. An individual seeking relief under Title VII must file a charge with the EEOC "within [180] days after the alleged unlawful employment practice occurred" or within 300 days if the

---

[3] Defendant also argues the Court must dismiss the Brown Act claim for the additional reason that the Court's grant of leave to amend did not invite Plaintiff to add new claims. (*Id.* at 12–15.) Because the Court finds Defendant's alternative argument is sufficient to grant its motion to dismiss, the Court need not reach this issue.

6

individual first "instituted proceedings with a State or local agency with authority to grant or seek relief from such [alleged unlawful] practice . . . ." 42 U.S.C. § 2000e-5(e)(1). This requirement effectively serves as a statute of limitations for the filing of Title VII claims. *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1107 (9th Cir. 1998) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94 (1982)).

In her 2015 charge, Plaintiff asserts her employment was terminated on November 24, 2014. (Doc. No. 31 at 4.) She contends her termination was the result of retaliation for filing an internal complaint of sexual harassment and age discrimination. (*See id.*) However, she did not file the 2015 charge with the EEOC until December 22, 2015, nearly ***400 days*** after her termination. (*Id.* at 8; *see* Doc. No. 8 at 7–8.) Assuming without deciding that the 300-day deadline applies,[4] Plaintiff's 2015 charge is untimely, and her claims are thus time-barred. *See Scott v. Gino Morena Enters., L.L.C.*, No. 15-CV-550 JLS (WVG), 2016 WL 3924107, at *5 (S.D. Cal. July 21, 2016) ("Because Plaintiff failed to file her complaint with the [Department of Fair Employment and Housing] within 300 days, the Court concludes that any claims based on the November 17, 2014 DFEH complaint are [] time-barred.").

In its last order, the Court dismissed Plaintiff's complaint without prejudice, noting it was possible that Plaintiff could allege facts to invoke the doctrine of equitable tolling. (Doc. No. 24 at 9.) In the SAC and at the hearing, Plaintiff asserted that between the time she was terminated and the time she filed the 2015 charge, she was in bankruptcy proceedings, "which extended the time to file this lawsuit." (Doc. No. 31 at 4.) Not so. Equitable tolling applies only if the plaintiff can establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans*

---

[4] Plaintiff asserts she "filed an internal complaint of sexual harassment." (Doc. No. 8 at 7.) The Court assumes Plaintiff is referring to a complaint filed with Defendant; however, it is not clear from the pleadings whether Defendant is a "State or local agency" within the meaning of 42 U.S.C. § 2000e-5(e)(1).

*Affairs*, 498 U.S. 89, 96 (1990)).

Plaintiff's embroilment in bankruptcy proceedings does not meet this test. While the Court assumes Plaintiff relies on the automatic bankruptcy stay as the basis for equitably tolling her time to bring her charge with the EEOC, the Court notes that Plaintiff filed the 2015 charge before the bankruptcy proceedings were terminated. This fact undercuts her position that her bankruptcy should toll the limitations period. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011) (finding appeal to Third Circuit did not toll limitations period, noting that "despite arguing that the appeal should toll the statute of limitations, Johnson did not wait for his appeal to conclude before filing with the EEOC and the filing of his complaint"). That Plaintiff filed an appeal with the California appellate court and a writ of mandate after instituting her bankruptcy proceedings further undermines her position that she believed the bankruptcy proceedings stayed all litigation.

For all these reasons, the Court **GRANTS** Defendant's motion to dismiss. (Doc. No. 32.) Because Plaintiff's representations during the hearing make clear there is no set of facts she can allege that would cure the deficiencies noted herein, the Court's dismissal is **WITH PREJUDICE**. Accordingly, Plaintiff's motion for leave to amend is **DENIED**. (Doc. No. 38.) *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to [cure the deficiencies noted with regard to her] claims, the district court's discretion to deny leave to amend is particularly broad." (citation and internal quotation marks omitted)); *Salem v. Fed. Deposit Ins. Corp.*, No. 15-CV-1114-AJB-BGS, 2016 WL 7229424, at *7 (S.D. Cal. Dec. 14, 2016) (denying plaintiff's motion for leave to file a fourth amended complaint because amendment would be futile given that plaintiff "had the benefit of the Court's prior order dismissing the first amended complaint and the [defendant's] motion to dismiss the [third amended complaint] when he filed his proposed amendment").

//
//

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion to dismiss, (Doc. No. 32), **DENIES** Defendant's motion to strike **AS MOOT**, (Doc. No. 33), and **DENIES** Plaintiff's motion for leave to amend, (Doc. No. 38). The Court **DISMISSES** Plaintiff's amended complaint **WITH PREJUDICE**. This case is now **CLOSED**.

**IT IS SO ORDERED.**

Dated: August 1, 2017

Hon. Anthony J. Battaglia
United States District Judge